UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

HALIMA SINGRI

    **Plaintiff**

v.

| | |
|---|---|
| LAWRENCE M. RANDOLPH<br>Consul General, U.S Consulate General in Casablanca<br>in his official capacity.<br><br>STEPHEN P. O'DOWD<br>Deputy Chief of Mission, U.S Embassy in Morocco<br>in his official capacity.<br><br>UR MENDOZA JADDOU<br>Director, U.S. Citizenship and Immigration Services<br>in her official capacity.<br><br>RICHARD C. VISEK<br>Acting Legal Adviser, U.S. Dept. of State<br>in his official capacity.<br>    **Defendants** | PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF<br><br>CIVIL ACTION NO: 1:22-cv-10582<br><br>ALIEN NO: A#056-410-038<br><br>AGENCY CASE NO:<br><br>SRC1990142849<br><br>NVC CASE NO: CSB2019748006 |

<u>**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR INJUNCTIVE RELIEF**</u>

<u>Introduction</u>

1. Plaintiff Halima Singri (Agency File Number A#056-410-038) brings this action to compel the Defendants to take action on and adjudicate her husband's properly-filed visa application. In December 2018, Plaintiff filed a visa petition with USCIS for her husband, Mustapha Chdouchi (I-130 receipt notice number SRC1990142849; Department of State

1

Visa Application Number CSB2019748006). The petition has been approved, but the Defendants have not finished processing this visa, which remains stuck, while Plaintiff continues to suffer due to Plaintiff's ongoing separation from her husband, with no apparent end in sight. Plaintiff is suffering from significant personal, financial and emotional hardship due to this visa delay. The delay in adjudicating this visa has caused severe stress and anxiety to Plaintiff, which eventually led to her being hospitalized for a significant time. Plaintiff is still on prescribed medication for anxiety and stress, and any further delay in adjudicating the visa will make her health condition worse. She cannot focus on her studies because of financial and emotional hardship due to the delay. Plaintiff is working overtime so that she could sustain her and her husband's cost of living. They need to start their lives together, and be there for each other, physically and emotionally. The Defendants maintain jurisdiction over Plaintiff's petition and her husband's visa application but have unreasonably and improperly withheld action to the detriment of Plaintiff and her husband.

2. The case is currently delayed because the USCIS has failed to provide Plaintiff with a notice that is said it would provide. After the interview in February 2020, Beneficiary Mustapha Chdouchi's visa application was temporarily "refused" under Section 221(g). The Consulate stated that they would return the visa application to USCIS and that Plaintiff Halima Singri would receive a "Notice of Intent to Revoke" in the mail, which she could respond to (and potentially overcome with more evidence). However, Plaintiff never received any notice from the USCIS. The last inquiry she received from the USCIS on April 8, 2022 stated: "*Our systems do not reflect any notices have been sent within the*

*past 60 days. The last notice sent to you was on July 29, 2019.*" The Plaintiff cannot do anything until the notice is issued, and the case cannot move forward until she receives the notice so that she can respond. It is also possible that the government issued the incorrect 221(g). Either way, something has clearly gone wrong on the government's side, which is the cause of the delay. Plaintiff has been waiting for a resolution to this specific issue for two years, in addition to the delay in the overall case, which is clearly unreasonable.

## Jurisdiction

3. This Court has jurisdiction over the subject matter of this case pursuant to the Immigration and Nationality Act, as amended 8 U.S.C. §1101, *et seq.*, ("INA"), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 2201 (declaratory judgment), 5 U.S.C. § 701, *et seq.* (the "Administrative Procedures Act") and 28 U.S.C. §§ 1331 and 1361, *et seq.* ("Mandamus"). Relief is requested pursuant to said statutes. This action is not barred by the Real ID Act, P.L. 109-13, 119 Stat. 231 (May 11, 2005). The Defendants owe a non-discretionary duty to adjudicate Plaintiff's her husband's immigration case and Plaintiff files this lawsuit to compel action on her husband's long-delayed visa application. Plaintiff does not seek review of a discretionary decision of the Defendants.

4. To the extent that the Defendants' actions in this matter are not supported by substantial justification, attorney fees are appropriate. The Equal Access to Justice Act, as amended, *5* U.S.C. § 504 and 28 U.S.C. § 2412 ("EAJA"), provides for the award of costs and attorney's fees to a prevailing party in litigation against the U.S. or one of its agencies.

EAJA has been invoked to justify the award of attorney fees and costs in immigration cases. *See, e.g., Commissioner, Immigration and Naturalization Service v. Jean,* 496 U.S. 154 (1990).

Venue

5. The Venue is proper pursuant to 28 U.S.C. § 1391 because either the Plaintiff resides in this district, a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this district or because this action is against a Defendant that maintains offices within this district. There is no real property at issue in this case.

Parties

6. Plaintiff is a U.S. citizen.

7. From the organization of the U.S. Embassy in Morocco, Plaintiff has named the defendants, in their official capacities: Stephen P. O'Dowd, Deputy Chief of Mission, U.S. Embassy in Morocco, and Lawrence M. Randolph, Consul General of the Casablanca. Stephen P. O'Dowd and Lawrence M. Randolph, in their official capacities, are named as defendants because of their leadership roles within the component of DOS in Morocco, which is responsible for processing and adjudicating visa applications and implementing federal immigration law.

8. Ur Mendoza Jaddou, Director, U.S. Citizenship and Immigration Services ("USCIS") are named as defendants, in their official capacities, because together they are responsible for adjudicating visa petitions, implementing the Immigration and Nationality Act ("INA"), and ensuring compliance with all applicable federal laws, including the APA.

9. Ur Mendoza Jaddou, Director, U.S. Citizenship and Immigration Services ("USCIS") is named as a defendant, in her official capacity, because she is responsible for adjudicating visa petitions, and ensuring compliance with all applicable federal laws, including the APA.

10. Richard C. Visek, Acting Legal Adviser, U.S. Dept. of State. Mr. Visek directs the Office of the Legal Adviser, which furnishes advice on all legal issues, domestic and international, arising in the course of the Department of State's work, including the legal issues connected with this immigration case. Mr. Visek is named in his official capacity.

## Exhaustion of Remedies

11. There is simply no administrative alternative to this complaint. Plaintiff has inquired regarding the status of this immigration case. But Plaintiff has received no meaningful response to her inquiry. There is no available means by which "administrative processing" can be resolved. With no other options available, Plaintiff has had to resort to bringing this action, asking this Court to compel the Defendants to complete the visa adjudication process.

## Causes of Action

### A. APA Claim

12. In December 2018, Plaintiff properly filed with USCIS a visa petition for her husband, Mustapha Chdouchi (I-130 receipt notice number SRC1990142849; Department of State Visa Application Number CSB2019748006). In July 2019, USCIS approved this visa petition.

13. Plaintiff's goal was to obtain lawful permanent resident status for her husband so he could join her in the U.S.

14. In February 2020, Mustapha Chdouchi was interviewed by the U.S. Consulate in Casablanca in connection with the visa application. During this interview, a consular officer examined Mustapha Chdouchi and reviewed his visa application. During this interview, he responded truthfully to all questions and provided all requested information.

15. After the interview, Mustapha Chdouchi learned that his visa application was being placed in so-called "administrative processing."

16. Since the interview, Plaintiff and her husband have inquired as to the status of this visa application on numerous occasions and received no meaningful responses.

17. It is unclear what processes if any, the Consulate is actually working on. The U.S. Consulate in Casablanca has provided Plaintiff and her husband with no meaningful status updates, nor does it publish any information on processing times for "administrative processing."

18. Defendants' failure to adjudicate this visa application has had a profound and negative impact on the lives of Plaintiff and her husband.

19. The Defendants, in violation of the APA, are unlawfully withholding or unreasonably delaying action on this visa application and have failed to carry out the adjudicative functions delegated to them by law with regard to this immigration case. Plaintiff is entitled to a decision on this visa application and demands that the Defendants make such a decision. Plaintiff now seeks a Court order requiring the Defendants to complete the adjudication process.

20. To prevail against a federal agency for an unreasonable delay under the APA, a plaintiff must establish that: 1) a non-discretionary duty to take a discrete agency action, and 2) unreasonable delay in acting on that duty. *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).

21. Section 702 of the APA provides that "a person suffering legal wrong because of agency action… is entitled to judicial review thereof." 5 U.S.C. §702. "Agency action" includes the failure to act. *See S. Utah Wilderness Alliance*, 542 U.S. at 62.

22. Section 555(b) of the APA provides that, "With due regard for the convenience and necessity of the parties or their representatives, and **within a reasonable time**, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. §555(b) (emphasis added).

23. Section 706 authorizes federal courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

24. Consular Officers at U.S. Embassies and U.S. Consulates abroad are required by regulation to either issue or refuse a visa after receiving a properly completed and executed application. *See*, 22 C.F.R. §42.81(a).

25. In addition, Plaintiff and her husband paid the mandatory visa application fees to Defendant DOS, raising a strong presumption that it has a corresponding duty to carry out the adjudication of this visa application. *See*, INA §286(m); *See also, Kim v. USCIS*, 551 F.Supp.2d 1258, 1262-63 (D.Colo. 2008) and *Kaplan v. Chertoff*, 481 F.Supp.2d 370, 401 (E.D.Pa. 2007).

26. Based on the regulation cited above, Defendant DOS has a clear, non-discretionary duty to adjudicate this visa application. *See, supra*.

27. When there is no set deadline for an agency to complete its adjudication, federal courts may use both the APA and the Mandamus Act to measure delay under a reasonable standard. *See Kim*, 551 F.Supp.2d at 1264-65 (under Mandamus Act and APA where there is no deadline to adjudicate, the agency has a non-discretionary duty to adjudicate within a reasonable time).

28. Since Defendants have offered no reason for placing this visa application in "administrative processing," it is *per se* unreasonable.

29. Plaintiff asserts that under the circumstances, the delay in adjudication of this visa application is unreasonable.

## B. Mandamus Claim

30. In order to succeed on a claim under the Mandamus Act, a plaintiff must establish: 1) a clear right to the relief requested; 2) a clear duty by the defendant to perform the act, and 3) no other adequate remedy is available. *See, e.g., Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016); *Iddir v. INS*, 301 F.3d 492, 499 (7th Cir. 2002); and *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998).

31. As noted above, Plaintiff's husband filed a visa application and paid the requisite fees to Defendant DOS and the U.S. Consulate in Casablanca. Plaintiff's husband has a clear right to have this visa application adjudicated under 22 C.F.R. §42.81(a). *See, supra*.

32. As noted above, Defendant DOS and Defendant Embassy have a clear duty to adjudicate this visa application under 22 C.F.R. §42.81(a). *See, supra*.

33. As explained above, Plaintiff has made inquiries with Defendants, but there are no other adequate remedies available to address the delay in the adjudication of this visa application. *See, supra.*

34. If the Court decides that relief may not be granted under the APA, Plaintiff will have no legal remedy to address the Defendants' delay in adjudicating this visa application, making relief only available under the Mandamus Act (28 U.S.C. §1361, *et seq.*).

35. Plaintiff respectfully requests that this Court order Defendants to perform their ministerial duty and adjudicate this visa application under either the APA or the Mandamus Act. *See, supra*.

### C. CARRP

36. DOS regularly works with DHS when carrying out background and security investigations that are delayed by administrative processing.

37. The DHS has a policy known as the "Controlled Application Review and Resolution Program" ("CARRP") that intentionally delays the applications of Muslims or those from predominantly Muslim countries due to perceived security concerns.

38. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits the approval of an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

39. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply flawed and expansive government watchlists and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding residents, like Plaintiff and her husband as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

40. Plaintiff's husband is from a predominantly Muslim country. And, on information and belief, Plaintiff alleges that the Defendants are intentionally delaying this immigration case because of an application of the CARRP program.

## Claims for Relief

41. For these reasons, Plaintiff requests that the Court enter an order:

    a. Accepting and maintaining jurisdiction of this action;

    b. Mandating that the Defendants process Plaintiff's immigration case within fifteen (15) calendar days of this order or as soon as reasonably possible;

    c. Granting attorney's fees and costs under the Equal Access to Justice Act and/or other appropriate authority; and

    d. Granting such other and further relief as may be appropriate.

Respectfully submitted on behalf of Plaintiff on April 18, 2022.

/s/ Joshua L. Goldstein, Esq.
Massachusetts Bar # 644450
Goldstein Immigration Lawyers
2217 Jerome Way

Los Angeles, CA 90039
Telephone: 213-425-1979
Email: jg@jgoldlaw.com
Attorney for Plaintiff